IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ORLANDO TYUS,<br><br>  Plaintiff,<br><br>vs.<br><br>WARDEN TIM MCCONAHAY,<br><br>  Defendant. | CASE NO. 5:22-CV-00770<br><br>DISTRICT JUDGE J. PHILIP CALABRESE<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**INTERIM REPORT & RECOMMENDATION** |

## I.  Procedural History

On March 1, 2022, Petitioner Orlando Tyus ("Petitioner" or "Mr. Tyus") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1]  (ECF Doc. 1 ("Petition").)  After Respondent filed his Return of Writ on December 6, 2022 (ECF Doc. 13), Mr. Tyus was granted a ninety-day extension of time to file his Traverse, making his Traverse due on April 20, 2023.  (ECF Docs. 15 & 16; non-document orders dated December 28, 2022 & January 9, 2023.)  Mr. Tyus has not filed a Traverse.  On March 16, 2023, he filed a Motion to Stay in Abeyance.  (ECF Doc. 18 ("Motion to Stay").)  Respondent opposed the Motion on March 17, 2023.  (ECF Doc. 19.)  Mr. Tyus did not file a reply brief.  On June 7, 2023, the Court provided Mr. Tyus with an opportunity to supplement his Motion because the undersigned lacked sufficient information to meaningfully assess whether a stay and abeyance was warranted.  (ECF Doc. 21.)  Mr. Tyus filed

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). The Petition was docketed on May 12, 2022.  (ECF Doc. 1.)

1

a Supplement Motion to Stay in Abeyance on June 27, 2023 (ECF Doc. 22 ("Supplement")) and Respondent filed an opposition on July 12, 2023 (ECF Doc. 23). The Motion is ripe for review.

For the reasons set forth herein, the undersigned recommends that the Court **DENY** Mr. Tyus' Motion to Stay (ECF Doc. 18).

## II.   Federal Habeas Petition

Mr. Tyus raises the following four grounds for relief in his pending Petition:

**Ground One**: U.S. Conts. Right to 5th, 6th & 14th Amendment was violated when severance was not allowed.

Supporting facts: Trial proceeded with alleged co-defendant.

**Ground Two**: U.S. Constitutional right to trial counsel was violated.

Supporting facts: 1) No objection to co-defendant photos being admitted 2) No notice of alibi under Ohio Criminal Rule 12.1 was filed even though provided 3) No defense 4) Never subpoena defense cell phone expert even tho funds was granted.

**Ground Three**: U.S. Constitutional right to due process was violated when photos was admitted into evidence.

**Ground Four**: U.S. Constitutional right was violated when no evidence was lodged connecting Mr. Tyus.

Supporting facts: No direct or circumstantial evidence. Testimony came from a drug addict.

(ECF Doc. 1, pp. 5-10.) In support of the Petition, Mr. Tyus filed a declaration of actual innocence to "be used in his . . . procedural defect defense." (ECF Doc. 1-4.) Respondent asserts in his Return of Writ that Grounds Two, Three, and Four were procedurally defaulted (ECF Doc. 13, pp. 9-15), and that all four grounds are without merit (*id*. at pp. 16-41).

## III.   Petitioner's Motion to Stay

Mr. Tyus seeks a stay of the Petition so that he may return to state court to file a motion for new trial after he was reportedly informed on March 8, 2023 "of the existence of newly

2

discovered evidence in the form of an affidavit from an alibi witness." (ECF Doc. 18.) In his Supplement, Mr. Tyus explains that the affidavit is from a coworker and tenant who previously informed Mr. Tyus' trial attorney that he was willing to testify at the trial. (ECF Doc. 22.) Mr. Tyus contends that a stay would allow him "to amend [his] current petition and further support and or preserve his claim of actual innocence." (ECF Doc. 18, p. 2; *see also* ECF Doc. 22.) He also asserts that a stay would allow him to exhaust his claim of ineffective assistance of counsel. (ECF Doc. 22.)

### IV. Law and Analysis

A state prisoner with federal constitutional claims must fairly present them in state court before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Even where a habeas petitioner presents a "mixed petition" containing both exhausted and unexhausted claims, comity requires that state courts be given the first opportunity to review the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

If a mixed petition is dismissed while a petitioner pursues unexhausted claims in state court, however, there is a concern that any exhausted claims will become time-barred under the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). That is why the Supreme Court clarified in *Rhines v. Weber*, 544 U.S. 269 (2005), that a district court with a "mixed petition" may stay the case and permit the petitioner to present his unexhausted claims to the state court before the federal court undertakes review of the petition. *See Rhines*, 544 U.S. at 277.

A "stay and abeyance" is available where the district court determines that: (1) there was good cause for the petitioner's failure to exhaust the relevant claims first in state court; (2) the

3

unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* The Court cautioned that stay and abeyance should be used sparingly because frequent use could undermine AEDPA's goals of "'reduc[ing] delays in the execution of state and federal criminal sentences'" and streamlining federal habeas proceedings by encouraging petitioners to seek relief first from the state courts. *Id.* at 276-77 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)).

In this case, the *Rhines* analysis must fail at the first step. Mr. Tyus alleges that a stay and abeyance is warranted so that he can exhaust claims regarding an unnamed alibi witness who provided him a new affidavit, but has failed to demonstrate "good cause" for his failure to exhaust those claims in state court proceedings. (ECF Docs. 18, 20, 22.) On June 7, 2023, this court noted Mr. Tyus' failure to "identify the affiant, describe the contents of the affidavit, or provide any circumstances surrounding his discovery of the alleged new evidence" in the Motion to Stay, and allowed him to supplement his motion. (ECF Doc. 21, p. 3.) Without naming the affiant, providing a copy of the affidavit, or explaining why he failed to pursue claims regarding the affiant's testimony in state court, Mr. Tyus provided only the following explanation:

> NOW COMES PETITIONER . . ., ASKING THIS COURT FOR A "STAY AN[D] ABEYANCE." TO ALLOW HIM TO RETURN [] TO THE TRIAL COURT, AN[D] PRODUCE NEWLY DISCOVERED EVIDENCE. IN THE FORM OF AFFIDAVIT. AFFIDAVIT IS FROM PRIOR CO-WORKER [] TENANT. STATING MY WHEREABOUTS/ALIBI. WHEN THESE ALLEGED CRIMES WERE COMMITTED. AN[D] HOW HE WAS NEVER SUBPOENAED BY NEITHER TRIAL ATTORNEY. EVEN THO[UGH] HE LET THEM KNOW HE WAS WILLING TO COME TESTIFY TO MY WHEREABOUTS/ALIBI, BEFORE A TRIAL COMMENCED.

(ECF Doc. 22, p. 1.) Mr. Tyus failed to specifically describe the new evidence he would seek to introduce, and failed to demonstrate "good cause" for his failure to exhaust any claims regarding that evidence in state court. Indeed, what little information Mr. Tyus did provide in his Supplement suggests that he knew about the existence and identity of the "new" alibi witness

4

even before his state court trial. Accordingly, the undersigned finds Mr. Tyus has not shown "good cause" for his failure to exhaust any federal habeas claims based on the new alibi evidence, and thus cannot establish that a stay and abeyance is warranted under *Rhines*.

Additionally, to the extent Mr. Tyus is seeking to return to state court so he may exhaust a claim for "actual innocence" that he will assert as an independent ground for federal habeas relief, the undersigned finds the act would likely be futile because a claim of actual innocence is not cognizable on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 416 (1993). As explained by the U.S. Supreme Court:

> Federal habeas review of state convictions has traditionally been limited to claims of constitutional violations occurring in the course of the underlying state criminal proceedings. Our federal habeas cases have treated claims of "actual innocence," not as an independent constitutional claim, but as a basis upon which a habeas petitioner may have an independent constitutional claim considered on the merits .
> . . .

*Id.*; *see also Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007) (finding Sixth Circuit caselaw supports a finding that free-standing claims of innocence are not cognizable on federal habeas review); *Hitsman v. Berghuis*, No. 1:15-CV-810, 2017 WL 1387143 (W.D. Mich. Mar. 24, 2017) (denying motion to stay where only new claim was actual innocence), *report and recommendation adopted,* No. 1:15-CV-810, 2017 WL 1366502 (W.D. Mich. Apr. 14, 2017).

Alternately, to the extent Mr. Tyus seeks instead to argue actual innocence as a basis to excuse procedural default, it is not clear that a return to state court would be required, or even appropriate. Where a habeas petitioner asserts a claim that was "adjudicated on the merits in State court proceedings," the U.S. Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 18 U.S.C. § 2254). "However, *Pinholster* does not by its own terms apply to the actual innocence exception to either procedural default or

the statute of limitations." *Clemmons v. Warden, Lebanon Corr. Inst.*, No. 3:11-CV-465, 2012 WL 4811122, at *8 (S.D. Ohio Oct. 10, 2012), *report and recommendation adopted*, No. C-3:11-CV-465, 2013 WL 157142 (S.D. Ohio Jan. 15, 2013). This is because "[t]he premise of the actual innocence exception is that the habeas petitioner is presenting **new** evidence not considered by the state courts." *Id.* (emphasis in original).[2] Thus, to the extent that Mr. Tyus' actual innocence argument is for the purpose of excusing procedural default alone, it is not clear that a return to state court to address such evidence would be warranted or appropriate.

Accordingly, the undersigned concludes that Mr. Tyus has not met his burden to demonstrate grounds to support the grant of a stay and abeyance in this case.

## V.    Recommendation

For the reasons stated above, the undersigned recommends that the Court **DENY** Mr. Tyus' Motion to Stay (ECF Doc. 18).

August 1, 2023    /s/ *Amanda M. Knapp*
          AMANDA M. KNAPP
          UNITED STATES MAGISTRATE JUDGE

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

---

[2] As noted by the court in *Clemmons*, any request for consideration of new evidence on federal habeas review would remain subject to applicable guidelines for seeking discovery on habeas review. *See Clemmons*, 2012 WL 4811122, at *8 (citing Rule 6(a), Rules Governing § 2254 Cases).

6