UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ORLANDO TYUS, | Case No. 5:22-cv-770 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Amanda M. Knapp |
| TIM MCCONAHAY, Warden, | |
| Respondent. | |

# ORDER

Before the Court is the Magistrate Judge's Interim Report and Recommendation (ECF No. 24) in this habeas action. The Magistrate Judge recommends that the Court deny Petitioner's motion to stay. (ECF No. 18.)

In the return of writ, the Respondent summarized the factual and procedural history of the case. (ECF No. 13, PageID #61–65.) In short, Mr. Tyus was indicted on two counts of aggravated murder (Counts 1 and 3), two counts of murder (Counts 2 and 4), two counts of felonious assault (Counts 5 and 6), and two counts of having weapons while under disability (Counts 7 and 8). (*Id.*, PageID #62.) The jury found Mr. Tyus guilty on all counts. (*Id.*, PageID #63.) The State trial court imposed consecutive life sentences without parole on both murder counts and an additional 22 years for the other convictions. (*Id.*) Petitioner unsuccessfully challenged his conviction on direct appeal in State court before commencing this habeas action. (*Id.* PageID #63–64.) Petitioner did not seek collateral review of his conviction in State court.

Petitioner seeks to stay this action and hold it in abeyance so that he can exhaust specific claims in State court. (ECF No. 18; ECF No. 24, PageID #2688–69.) Petitioner seeks to file a motion for new trial in State court based on newly discovered evidence that purportedly supports a claim of actual innocence. (ECF No. 24, PageID #2688–69.) The Magistrate Judge recommends that the Court deny the motion to stay because Mr. Tyus failed to demonstrate good cause for failure to exhaust his claims in State court. (*Id.*, PageID #2690.) Mr. Tyus raises evidence regarding an unnamed alibi witness but fails to "identify the affiant, describe the contents of the affidavit, or provide any circumstances surrounding his discovery of the alleged new evidence." (*Id.*) Mr. Tyus failed to provide this information even after the Magistrate Judge allowed him to supplement his motion with the missing information. (*Id.*)

The Magistrate Judge filed her Report and Recommendation was on August 1, 2023 (ECF No. 24), and the docket reflects that it was mailed to Petitioner the same day. The Report and Recommendation expressly noted that Petitioner must file objections "within fourteen (14) days" or the right to object could be forfeited. (*Id.*, PageID #2692.) Nonetheless, even allowing for reasonable time for mailing, Petitioner failed to object to the Magistrate Judge's Report and Recommendation. Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140, 152 (1985) (holding

2

that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Recently, the Sixth Circuit clarified this rule: failure to object is not a waiver but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 24) and **DENIES** the motion to stay. In doing so, the Court makes two additional observations. First, nothing prevents Petitioner from exhausting his remedies in State court while his habeas petition is pending. That is, this ruling does not prevent Mr. Tyus from pursuing collateral relief in State court. Second, if

3

Petitioner presents evidence of actual innocence, he may "pass through" any procedural default "and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Because five Justices joined the view that a habeas petitioner may pursue a freestanding claim of actual innocence on sufficiently compelling facts, *see Herrera v. Collins*, 506 U.S. 390, 419–20 (1992) (O'Connor, J., and Kennedy, J., concurring); id. at 430–31 (Blackmun, J., Stevens, J., and Souter, J., dissenting), the Court expresses no view on whether Petitioner's claim meets that standard.

**SO ORDERED**.

Dated: September 15, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio